IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

Joseph Robert Marshall, Jr., )
# S03863, )
                                     )
           Plaintiff, )
                                     )
vs. ) Case No. 11-cv-0670-MJR
                                     )
                                     )
Bobby Unfried, )
                                     )
           Defendant. )

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff Marshall, an inmate currently located in Vandalia Correctional Facility, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on an incident of alleged deliberate indifference to medical need that occurred while Plaintiff was housed at Madison County Jail. Plaintiff is serving a four-year sentence for burglary, and two years for theft. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which
>     relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune
>     from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**<u>The Complaint</u>**

The complaint alleges that Defendant Bobby Unfried, Head Nurse at Madison County Jail, ignored Plaintiff's need for medical treatment of an infected tooth. Plaintiff arrived at the facility October 29, 2010. He visited the nurse with complaints of a sore back tooth and a burst cyst. Plaintiff alleges that Defendant looked at the tooth and told him it was okay. When he insisted the tooth was infected, Defendant told him to leave. Plaintiff states he visited Defendant roughly ten times without result. Significantly, Plaintiff claims that a physician examined him and wrote an order for Plaintiff to see a

dentist which the Defendant subsequently discarded. Plaintiff was not allowed to visit the dentist. Plaintiff describes the tooth as painful, containing a black tar-like substance, and bleeding daily. Plaintiff states he threw up blood and experienced migraines due to the infected tooth.

**Discussion**

**Count 1 - Deliberate Indifference**

In certain instances, a constitutional claim may lie if a prison official's actions amount to a failure to treat a serious medical condition.

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm . . . . Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant

3

injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). In addition, a condition that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention is also considered a "serious" medical need. *Id.*

Plaintiff has described a condition that meets several of the *Gutierrez* categories. Failure to treat the infected tooth could, due to the nature of tooth infections, result in the loss of the tooth, combined with significant pain. The injury was one that a reasonable physician or patient would find worthy of treatment. Indeed, Plaintiff claims the second nurse who refused him treatment, and who is not named as a defendant in this matter, acknowledged the need to have the tooth repaired. A physician at the facility also determined that the tooth required treatment and wrote an order for the dentist to do so. Plaintiff also states that the pain was substantial, hurting daily and causing migraines. These allegations suffice to meet the objective showing that Plaintiff had a serious medical condition. The remaining question is whether he has sufficiently alleged deliberate indifference on the part of the named Defendant.

To act with deliberate indifference, a prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must actually "draw the inference." *Farmer,* 511 U.S. at 837. A defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an

4

Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Plaintiff visited Defendant Unfried "about ten times" regarding his infected tooth. This is sufficient for her to be put on notice of Plaintiff's medical need. The facts that a second nurse acknowledged Plaintiff's need of treatment for the tooth and that a physician later wrote an order for Plaintiff to see the dentist further indicate that Defendant should have been aware of Plaintiff's condition. Plaintiff has stated a claim that merits further review. The claim against Defendant Unfried cannot be dismissed at this time.

## Disposition

Because the Court finds that Marshall's deliberate indifference claim against Unfried withstands screening under 28 U.S.C. § 1915A, it is hereby **ORDERED** that the Clerk of Court shall prepare for Defendant **UNFRIED**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Order to Unfried's place of employment as identified by Marshall. If Unfried fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within **thirty (30) days** from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Unfried, and the Court will require Unfried to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

It is **further ORDERED** that, if Unfried no longer can be found at the work address provided by Marshall, the employer shall furnish the Clerk of Court with Unfried's current work address, or, if not known, Unfried's last-known address. This

5

information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the Court's files or disclosed by the Clerk.

It is **further ORDERED** that Marshall shall serve upon Unfried (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Marshall shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Unfried or counsel. Any paper that has not been filed with the Clerk of Court or that fails to include a certificate of service will be disregarded by the Court.

It is **further ORDERED** that Unfried shall timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Williams** for further pre-trial proceedings.

Furthermore, this entire matter is **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Finally, Marshall is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and any opposing party informed of any change in his address; the Court will not independently investigate Marshall's whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to

comply with this Order will cause a delay in the transmission of Court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 26, 2012**

s/ MICHAEL J. REAGAN
Michael J. Reagan
United States District Judge
